IN RE ESTATE OF MOLLY PARCKER.
SARAH R. GENSLER, APPELLANT.[1]

November 8, 1929.

No. 27,411.

[1]Reported in 227 N. W. 426.

*Marshall S. Snyder* and *Sarah R. Gensler,* for appellant.

*S. Friedman,* for Rasel and Simon Bercowitz, claimants-respondents.

PER CURIAM.

Appeal by Sarah R. Gensler, as administratrix of the estate of Molly Parcker, deceased, from a judgment of the district court refusing to vacate the allowance in the probate court of two claims which had been compromised and settled by the claimants and the administratrix, and also settling the account of the administratrix after disallowing in part certain items claimed by her.

In respect to the allowance of the two claims in the probate court, the question has not been raised, whether if they have been formally allowed by the probate court as provided by statute [G. S. 1923 (2 Mason, 1927) § 8816] the only review is by appeal from the order of allowance rather than in the indirect method here attempted. Dunnell, Minn. Pr. Law, § 896. On this phase of the case, the one point for appellant is that Mr. Dretchko, the attorney then representing the sole heir (Lupu Parcker, an alien residing in Roumania) was not authorized to dispose of the claims by compromise and settlement. The question so made, as to the sufficiency of the power of attorney under which Mr. Dretchko acted, is out of the case for the simple reason that the settled case shows that Lupu Parcker, as sole heir, appeared at the trial in the district court by another attorney, Mr. Friedman. When the case was called for trial, Mr. Friedman appeared for both the heir and the claimants. On behalf of his clients, including the heir, he moved for judgment on the pleadings and continued to represent all three during the entire course of the proceeding and in support of the action of the probate court. His authority was not questioned in the district court, and it is too late to question it here. So Mr. Dretchko's settlement of the claims for the heir has been ratified, and appellant is therefore in no position to question his authority.

So far as the appeal involves the final account of appellant as administratrix and the disallowance in part of certain items thereof, it is sufficient to say that she has not sustained the burden resting upon her of showing that any error was committed in that respect.

Judgment affirmed.

